UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF THE DEAF, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Civil Action No. 25-cv-1683 (JEB) |

**DEFENDANTS' OBJECTION TO NOTICE OF RELATEDNESS UNDER LCvR 40.5**

Under LCvR 40.5(b)(2), Defendants object to Plaintiffs' designation of this action as related to *National Ass'n of the Deaf v. Trump*, No. 1:20-cv-02107 (D.D.C.) (*NAD I*). "The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *Tripp v. Exec. Off. of President*, 196 F.R.D. 201, 202 (D.D.C. 2000) (Order). The random-assignment default rule "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Id.* To deviate from the default, a party must show that an exception under

1

LCvR 40.5—which "rests primarily on considerations of judicial economy"—applies. *Tripp*, 196 F.R.D. at 202. "The party requesting the related-case designation bears the burden of showing that the cases are related[.]" *Trump v. Comm. on Ways & Means*, 391 F. Supp. 3d 93, 95 (D.D.C. 2019) (Mem. & Order). Plaintiffs have not carried that burden.

Here, LCvR 40.5(a)(4) governs. That subsection provides that "cases whether criminal or civil, including miscellaneous, shall be deemed related where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." This exception is "narrower" than the relatedness exception under LCvR 40.5(a)(3), which applies when an earlier case is "still pending on the merits." *Wilderness Soc'y v. Bernhardt*, No. 20-1176, 2020 WL 2849635, at *1 (D.D.C. June 2, 2020). And the dismissed-case exception under LCvR 40.5(a)(4) is "strictly interpreted." *Id.* Under that exception, this matter is not "related" to the long-since-dismissed *NAD I* for two primary reasons.

First, the cases do not involve "the same parties." Under LCvR 40.5(a)(4), "the phrase 'the same parties' means 'identical parties.'" *Wilderness Soc'y*, 2020 WL 2849635, at *2 (quoting *Jud. Watch, Inc. v. Rossotti*, No. 02-928, 2002 WL 31100839, at *1 (D.D.C. Aug. 2, 2002) (Order)). Decision after decision endorses that interpretation. *Corsi v. Mueller*, No. 18-2885, 2019 WL 11322508, at *1 (D.D.C. Jan. 3, 2019) (Mem. Order) (endorsing "identical parties" requirement); *Jud. Watch*, 2002 WL 31100839, at *1 (same); *Dale v. Exec. Off. of President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000) (same); *Thomas v. NFL Players Ass'n*, No. 91-3332, 1992 WL 43121, at *1 (D.D.C. Feb. 18, 1992) (Order) (same); *see also Klayman v. Porter*, No. 20-3109, 2021 WL 1668067, at *2 (D.D.C. Apr. 28, 2021) (stating that "the mere presence of 'overlapping parties is not among the bases for a related-case designation'" (quoting *Comm. on Ways & Means*, 391 F. Supp. 3d at 97)). In *Wilderness Society*, for example, the

Court found two cases were not related in part because, although they had "identical plaintiffs," they had "slightly different defendants." 2020 WL 2849635, at *2. "'[F]unctionally identical' parties and 'significant factual overlap'" are not enough. *Id.* at *3.

In this case, both sides of the "v." contain different parties than in *NAD I*. There is only one common plaintiff between *NAD I* and this case (*NAD II*). Derrick Ford and Matthew Bonn are plaintiffs in this suit, but neither individual sued in *NAD I*. *NAD I* was brought by six plaintiffs, and only one is a plaintiff in *NAD II*. Carlton Strail, Graham Forsey, Debra Fleetwood, John Rivera, Jr., and Corey Axelrod are not plaintiffs in *NAD II*. It is enough that sameness is lacking on the plaintiffs' side, but the same is true for defendants. *NAD II* contains an additional defendant, the White House Chief of Staff. Plaintiffs appear to have named the Chief of Staff as a defendant because they sent her a letter in January requesting the use of ASL interpreters. The Chief of Staff was not a defendant in *NAD I*. In short, the list of parties is not "functionally identical" (much less "identical") between the cases. *See id.*

The two cases are not "related" for a second and independent reason: they do not "relat[e] to the same subject matter." LCvR 40.5(a)(4). For one thing, the *NAD II* plaintiffs have added an entirely new legal theory from the *NAD I* plaintiffs' suit: violation of the Equal Protection Clause of the Fifth Amendment. *See NAD II*, ECF No. 1 (Compl.) ¶¶ 82-90. That new claim weakens plaintiffs' relatedness argument. *Cf. Comm. on Ways & Means*, 391 F. Supp. 3d at 96 (holding that cases were not related under LCvR 40.5(a)(3) where they "involve[d] different claims," even though they involved similar facts and defenses and "some of the same parties"). Even without the new claim, the cases do not relate to the "same" matter. *NAD I* alleged that the defendants should begin providing American Sign Language (ASL) interpreters at press briefings on the COVID-19 pandemic. *NAD I*, ECF No. 1 (Compl.) ¶ 7

(Aug. 3, 2020). This lawsuit, by contrast, alleges that—nearly five years after *NAD I* was filed—Defendants should continue an alleged policy that began under the previous administration of providing ASL interpreters at "*all* White House press briefings and related events." *NAD II*, ECF No. 1 (Compl.) ¶¶ 7, 37 (emphasis added).

The two lawsuits involve different alleged policies and practices allegedly carried out by different administrations and separated by a span of several years. *See Wilderness Soc'y*, 2020 WL 2849635, at *3 (holding that cases were not related where they "both concern[ed]" the same "mineral rights leases" but challenged different agency actions and involved some different parties and claims); *Wash. All. of Tech. Workers v. DHS*, No. 16-1170, 2016 WL 11184186, at *2 (D.D.C. June 24, 2016) (holding that cases were not related where they challenged different DHS rules promulgated several years apart and each raised "unique" issues, even though "there [was] overlap between the issues raised in the two cases").

Finally, applying the exception here does not serve its purposes. LCvR 40.5(a)(4) "was designed to disincentivize dismissing, and then refiling, a case in search of a more desirable judge." *Wilderness Soc'y*, 2020 WL 2849635, at *3. No indication exists that such gamesmanship occurred here. *NAD I* was dismissed with prejudice three and a half years ago. Since then, different plaintiffs have become involved, are allegedly aggrieved for different reasons, and have added a new theory of relief. Judicial-economy considerations do not favor departure from the default rule because no significant discovery or factual development occurred in *NAD I*. Indeed, the defendants did not even answer the complaint before the case was dismissed. In sum, "[t]his is simply not an instance where the similarities between cases are so pronounced that the interest in judicial economy becomes paramount." *Wash. All. of*

*Tech. Workers*, 2016 WL 11184186, at *2. The Court should transfer this case to the Calendar and Case Management Committee to be randomly reassigned.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 2, 2025 | YAAKOV M. ROTH<br>Acting Assistant Attorney General<br>Civil Division |
|  | ERIC J. HAMILTON<br>Deputy Assistant Attorney General |
|  | DIANE KELLEHER<br>Director<br>Civil Division, Federal Programs Branch |
|  | */s/ Elizabeth Hedges*<br>ELIZABETH HEDGES<br>Counsel to the Assistant Attorney General<br>Civil Division<br>United States Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>(202) 616-0929<br>Elizabeth.T.Hedges@usdoj.gov |
|  | *Counsel for Defendants* |