UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF THE DEAF, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>  Defendants. | No. 1:25-cv-01683-AHA |

### ENJOINED DEFENDANTS' NOTICE OF COMPLIANCE WITH COURT'S PRELIMINARY INJUNCTION

Enjoined Defendants respectfully submit this Notice of Compliance to inform the Court of actions taken to comply with this Court's preliminary injunction entered on November 4, 2025, as required by the Memorandum Opinion and Order entering that injunction. *See* ECF No. 29.

**1**.   As noted, this Court entered a preliminary injunction ordering the Executive Office of the President, the White House Office, the White House Chief of Staff, and the White House Press Secretary (collectively referred to hereafter as "the White House") to "immediately begin providing a simultaneous and publicly accessible feed with visible American Sign Language interpretation by a qualified interpreter for all publicly announced White House press briefings conducted by the President or White House Press Secretary that are captured by White House communication channels." *Id.* at 25.

**2**.   The White House believes this Court legally erred when it entered the preliminary injunction. Accordingly, the government has filed a Notice of Appeal from the Memorandum Opinion and Order. *See* ECF No. 31. Despite that belief, the White House intends to forgo seeking a stay pending appeal, assuming that the White House's interpretation of the injunction's scope,

1

*see infra*, is correct.  The White House continues to retain American Sign Language (ASL) interpretive services under an existing blanket purchase agreement that remains in effect through March 22, 2028.  This agreement requires the White House to give 24 hours' notice to the vendor for any requested services.  In the unlikely event the vendor cannot produce an interpreter to provide simultaneous briefing despite 24 hours' notice, the White House intends to publish the ASL interpretation as soon as practicable.  The White House is also working to establish a publicly accessible channel showing ASL interpretation that would be provided simultaneously with every press briefing subject to the injunction.

       3.      The injunction requires ASL interpretive services at all "publicly announced press briefings."  *Id.*  Notably, this Court determined that the injunction requires only "providing ASL interpretation of *press briefings*," not the "broader set of events" covered by previous White House practice.  *Id.* at 24 (emphasis added).  Given this emphasis on press briefings specifically, the White House interprets "publicly announced press briefings" to mean all events, scheduled at least 24 hours in advance, the exclusive purpose of which is for the President or Press Secretary to provide information to the press or take questions from the press.  The White House does not understand "press briefings" to encompass events with other purposes, such as a ceremony or a speech, at which the President may choose to take questions from the press.  Such events not specifically announced as press briefings or press conferences are part of the "broader set of events" at which ASL interpretation was previously provided but that this Court excepted from the injunction here.  ECF No. 29 at 24.  Nor does the White House understand "publicly announced" to refer to events scheduled with less than 24 hours' notice, such as briefings held in response to emergency developments.

4.      The White House respectfully requests notification from the Court if the White House has misunderstood the intended scope of the Court's injunction. If that interpretation is incorrect and the injunction's scope is broader, it would introduce additional practical and logistical difficulties that might require the government to seek immediate relief in the form of a stay pending appeal.

Dated: November 7, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

TYLER J. BECKER
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division

DIANE KELLEHER
Director
Civil Division, Federal Programs Branch

*/s/ Christian Dibblee*
CHRISTIAN DIBBLEE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 353-5980
Email: Christian.R.Dibblee@usdoj.gov

*Counsel for Defendants*